IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER EARNEST VAUGHN, III                                                                    PETITIONER

v.                                            No. 4:24-cv-04030

THE STATE OF ARKANSAS                                                                        RESPONDENT

### REPORT AND RECOMMENDATION

Before the Court is an Amended Petition under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus* by a Person in State Custody. ECF No. 5. The Amended Petition was filed by Walter Earnest Vaughn, III ("Vaughn") on April 25, 2024, in accordance with this Court's order.[1] The case has been referred to the undersigned. The Court finds no response is necessary to the Amended Petition. The Court recommends the Amended Petition be denied and this matter dismissed.

### I.   BACKGROUND

According to public records, of which the Court will take judicial notice,[2] on March 8, 2024, Vaughn was convicted, pursuant to a guilty plea, under Arkansas Code Annotated § 5-13-203 for Third Degree Battery[3] and under Arkansas Code Annotated § 5-39-201(a) for Residential Burglary in Little River County Circuit Court. He was sentenced on March 15, 2024, to 108 months incarceration for the conviction for Residential Burglary.[4] Vaughn did not file a direct appeal or Rule 37.1 petition seeking post-conviction relief in state court. He is currently serving his sentence

---

[1] Vaughn filed his original Petition on April 10, 2024. ECF No. 1. On April 11, 2024, the Court granted Vaughn's Motion to Proceed *In Forma Pauperis* and ordered Vaughn to fill out the court approved 2254 Petition. ECF No. 4.
[2] *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). Judicial records are considered part of the public record. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).
[3] Vaughn was sentenced to time served for Third Degree Battery, a Class A misdemeanor under Arkansas Law.
[4] https://caseinfo.arcourts.gov/opad/case/41CR-23-19 (accessed April 29, 2024).

1

in the Little River County Detention Center awaiting transfer to the Arkansas Department of Corrections.

## II. DISCUSSION

Under the plain language of 28 U.S.C. § 2254(b), Vaughn's Petition cannot be granted "unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Here, Vaughn has not alleged, nor does there appear to be an absence of available State corrective processes or other circumstances which would render the process ineffective to protect Vaughn's rights.

Vaughn admits he did not seek direct review from the Arkansas Appellate courts, nor did he seek post-conviction relief from Arkansas state courts. Vaughn indicates the instant petition is his "first attempt" to obtain post-conviction relief. Further, he states he did not seek to directly appeal to the Arkansas Supreme Court "due to the guilty plea." ECF No. 5, p. 11. There is likewise no indication Vaughn sought to avail himself of Arkansas's post-conviction remedy process. Clearly, Vaughn has not exhausted his available state remedies. Accordingly, the § 2254 Petition should be dismissed as premature. Once Vaughn has exhausted his state court remedies, he may refile his *habeas* Petition in federal court.[5]

## III. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED the Amended Petition under 28 U.S.C. § 2254 (ECF No. 5) be **DISMISSED without prejudice**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[5] The Court has not considered the merits of the claims presented here, as those claims have clearly not been presented to the Arkansas state courts as required by 28 U.S.C. § 2254(b).

2

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

  **DATED this 1st day of May 2024.**

              /s/ *Barry A. Bryant*
              HON. BARRY A. BRYANT
              U. S. MAGISTRATE JUDGE